UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **BARBARA RASULALLAH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 4:20-cv-1143-DPM** |
| | ) |
| **SMITH & NEPHEW, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, the Local Rules of this Court, and by stipulation and agreement of the parties, and with the express consent of counsel for Plaintiff and counsel for Defendant, the Court hereby enters the following Protective Order ("Order") governing the disclosure and use of Confidential information in discovery, any substantive motion practice and at trial. Accordingly, it is ORDERED:

**1.     Scope**.   All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this Court and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  This Order does not presumptively entitle parties to file confidential information under seal.

61651748.3

**2.**     **Form and Timing of Designation**.    A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document.    Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

**3.**     **Documents Which May Be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**.   Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identification information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) competitive business information relating to Smith & Nephew Products not at issue in the instant lawsuit.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

     **(a)**     Notwithstanding the provisions of Paragraph 3 above, Smith & Nephew may redact information from any document designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER that contains names and any information that would identify

2

patients (other than Plaintiff), physicians, and hospitals referred to in a Medical Device Report or an adverse event report.

**(b)** If a party has a good faith basis for challenging the redaction, counsel shall initially attempt to resolve the issue through discussions. If these discussions prove unsuccessful, then within ten (10) calendar days of receiving notice of an impasse in the discussions, counsel may move for a ruling, which may require this Court's in camera inspection of a document on the issue of whether certain information is entitled to redaction.

**4.    Depositions.** Depositions or portions of depositions taken in this Action may be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Unless otherwise agreed, depositions shall be treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER during the thirty (30) day period following the conclusion or adjournment thereof. Within the thirty (30) day period, any party or nonparty witness may designate portions of oral testimony as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and shall serve written notice of said designations on all other parties to this Action. Thereafter, the deposition transcripts and any portions designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

**5.    Protection of Confidential Material.**

**(a)    General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

3

**(b)     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

**(1)     Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)     Parties.** Parties and employees of a party to this Order;

**(3)     Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(4)     Consultants, Investigators, and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(5)     Viewing Persons.** Any person who was the author, recipient, or copy recipient of a document for purpose of interrogation of such person at trial, by deposition, or during the course of preparation for trial or deposition;

**(6)     Treating Physicians.** Any treating physician noticed or subpoenaed for deposition in this case or called as a witness in this case, provided such person

4

has read this Order in advance of disclosure and executes the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)    New Parties.**  In the event that additional persons or entities become parties to this action or a related action in which this Order has been specifically adopted or stipulated to in writing by counsel of record, they shall not have access to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER information until they have signed the Order and this Order has been amended, with the Court's approval, to govern such additional persons; and

**(8)    Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)    Consultants and Experts.**  In the event that a consultant or expert, as described in Paragraph 5(b)(6), is a current employee of or has a continuous, regular, ongoing, or current consulting arrangement of any kind with any entity involved in the design or manufacture of knee implant systems, the party seeking to distribute or show such Confidential Information or material to such consultant or expert shall not disclose such information to such consultant or expert unless:

(1)    The party wishing to disclose the Confidential Information promptly identifies such expert or consultant to counsel of the producing party in writing prior to disclosure of such information to such expert or consultant;

(2)    The producing party does not object to such disclosure in writing within ten (10) days of such written notice;

5

(3)     The producing party does not attempt to meet and confer to resolve the issue within ten (10) days from the mailing of the written objection; and

(4)     The producing party does not move for a protective order prohibiting the disclosure to the expert or consultant within fifteen (15) days after the required attempt to meet and confer.

**(d)     Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment, or the conclusion of any appeals arising therefrom.

**(e)     Copies.**  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6

**(f)**    **Inadvertent Production.**    Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

**(g)**    **Claw-Back.**    In the event a party inadvertently produces a document that would otherwise be covered by the attorney-client privilege, the work product protection doctrine, or a comparable privilege or protection, that party may, within seven (7) days after discovering the inadvertent disclosure, request that the protected document(s) be returned. Upon such a request, there is a presumption that the applicable privilege or protection has not been waived. The notified party shall make no further use of the protected document(s) and shall return the purportedly privileged document(s) within ten (10) working days. If the notified party wishes to challenge the applicability of the privilege or assert that the privilege has been waived, then, the other party shall, within ten (10) working days from the request for the return of the document(s), make a written submission to the Court. The party asserting the privilege shall respond within three (3) working days. The notified party shall promptly return or sequester and not use or disclose the document(s) until the claim of privilege is resolved by the Court. The parties agree that inadvertent disclosure of an otherwise privileged document(s) wherein the parties follow the above procedure does not operate as a waiver in this action or in other Federal or State proceedings.

**6.**    **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal**. Confidential information must not be filed on the public docket. Before filing confidential material or discussing or referencing this material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted in accordance with Fed. R. Civ. P.

5.2, or whether a motion to seal or stipulation and proposed order is warranted. If practicable, confidential information should be redacted. *See* Fed. R. Civ. P. 5.2. If an entire page contains confidential information, substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any confidential information and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

      **7.**    **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

      **8.**    **Action by the Court**. If the parties reach an impasse under the provisions of Paragraph 7, they should file a joint report explaining the disagreement. The parties shall file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The parties are not permitted to file a motion asking for more pages. The parties shall attach documents as needed. The parties shall redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. The Court will rule or schedule a hearing. The parties shall alert the law clerk on the case to the joint report's filing.

9.      **Use of Confidential Documents or Information at Trial**. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least thirty (30) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information. The party that produced the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information may move for orders from the Court as are necessary to govern the use of such documents or information at trial.

10.     **Obligations on Conclusion of Litigation**.

(a)     **Order Remains in Effect.** This Order shall remain in force for one year after dismissal or entry of final judgment not subject to further appeal.

(b)     **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

9

**11.**     **Order Subject to Modification**.  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Nothing in this Order shall be construed to limit the parties' rights to modify this Order.

**12.**     **No Prior Judicial Determination**.  This Order is entered for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13.**     **Persons Bound**.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

D.P. Marshall Jr.
United States District Judge

Date:      12 May 2021

Respectfully submitted,

s/ Willard Proctor, Jr. by Matthew M. Lubozynski with express permission
Willard Proctor, Jr.
Attorney for Plaintiff
2500 South State Street
Little Rock, AR 72206-2162
(501) 378-7720
Arkansas Bar No.: 87136
willard@wpjrlaw.com

*Counsel for Plaintiff Barbara Rasulallah*

s/ Matthew M. Lubozynski
Robert E. Craddock, Jr. (AR Bar #2008296)
Glen G. Reid (TN Bar # 8184)
Counsel Is Admitted in E.D. Arkansas
Matthew M. Lubozynski (TN Bar #033163)
Counsel Is Admitted in E.D. Arkansas
Wyatt Tarrant & Combs, LLP
6070 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
(901) 537-1000 telephone
(901) 537-1010 facsimile
rcraddock@wyattfirm.com
greid@wyattfirm.com
mlubozynski@wyattfirm.com

*Counsel for Defendant Smith & Nephew, Inc.*

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas, Central Division in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

_____

Signature

Date: _____

12